Filed 7/2/26  P. v. Cleveland CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DOMINGO CLEVELAND,<br><br>    Defendant and Appellant. | B342217<br><br>(Los Angeles County<br>Super. Ct. No. NA094844) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted defendant and appellant Domingo Cleveland (defendant) of second degree robbery in 2015. The trial court found true enhancement allegations regarding defendant's prior convictions. Prior to sentencing, defendant asked the trial court to strike his prior "strike" convictions (convictions for robbery in 1991 and 1996, and a 1986 juvenile adjudication) pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The trial court declined and sentenced defendant to 37 years to life in state prison: 25 years to life for the robbery conviction pursuant to the Three Strikes Law, two five-year enhancement terms pursuant to Penal Code section 667(a), and two one-year terms for prior prison term enhancements pursuant to section 667.5(b).[1]

Defendant appealed, arguing the trial court abused its discretion in denying his motion to strike his prior convictions. This court affirmed but ordered certain corrections in defendant's abstract of judgment. (*People v. Cleveland* (Aug. 11, 2016, B263518) [nonpub. opn.].)

In September 2020, the trial court struck defendant's two section 667.5(b) enhancements in habeas corpus proceedings, which reduced defendant's sentence to 35 years to life. Defendant was not present or represented by counsel at the hearing when this relief was granted. Two years later, the trial court considered whether defendant qualified for resentencing pursuant to section 1172.75 (a statute invalidating most prior prison term enhancements) and determined defendant was not

[1] Undesignated statutory references that follow are to the Penal Code.

2

entitled to resentencing under that statute because it had already stricken defendant's prior prison term enhancements.

Defendant filed a motion for reconsideration, arguing the September 2020 hearing where the court struck his prior prison term enhancements denied him his right to a full resentencing. The court granted the motion and scheduled a resentencing hearing. In advance of that hearing, defendant filed a brief asking the court to strike his oldest strike prior pursuant to *Romero*, 13 Cal.4th 497, and to strike his two five-year enhancement terms. (Defendant's submission did not include any evidence regarding his behavior while in prison.) The People filed a response asserting defendant had committed a number of rule violations in prison over the preceding years.

At the resentencing hearing in October 2024, the court stated it had no reason to believe, given all of defendant's circumstances, that he was outside the spirit of the Three Strikes law or had rehabilitated in any meaningful way. The court said, however, that if there were documentary evidence supporting good behavior and rehabilitation, defendant could file another motion. The court accordingly declined to strike any of defendant's prior "strikes," but it did grant his request to strike his two five-year prior serious felony conviction enhancements— leaving him with a sentence of 25 years to life.

Defendant appealed, and this court appointed counsel to represent him. After examining the record, defendant's attorney found no arguable issues and filed an opening brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.

We then invited defendant to submit a supplemental brief and he filed a one-paragraph brief. We confine our opinion, and

3

our review of the record, to that brief.  (*Delgadillo*, 14 Cal.5th at 232.)

Defendant's supplemental brief asserts the prosecutor withheld exculpatory information and failed to disclose evidence of defendant's work history.  Defendant attached the following documents to his brief: a document entitled "Inmate Assignment History," which identifies programs defendant participated in and work he performed both before and after the resentencing hearing; annotated excerpts from his counsel's *Delgadillo* brief; a document entitled "Delgadillo Procedure"; and a certificate declaring defendant the "Patient of the Month" in November 2025.

Because the trial court granted defendant relief on all but his request to strike one or more of his prior strike convictions, we construe defendant's supplemental brief as an argument that the court erred in denying his *Romero* request to reduce his Three Strikes law sentence.  The trial court's ruling was not an abuse of its discretion.  (*People v. Carmony* (2004) 33 Cal.4th 367, 374; see also *People v. Rodriguez* (2016) 1 Cal.5th 676, 685.)  The trial court was correct to find defendant had a thin to nonexistent record of rehabilitation —plus rule violations in prison, there is no support in the record for defendant's assertion that the prosecution "withheld" documents attached to his supplemental brief (some of which post-date the October 2024 resentencing hearing), and defendant's history and prospects are not such that we can say the trial court exceeded the bounds of reason in declining to strike one or more of his prior "strike" convictions.

## DISPOSITION

The trial court's order is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.

We concur:



HOFFSTADT, P. J.



KIM (D.), J.